```
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF CONNECTICUT


DERRICK TAYLOR,
        Plaintiff,

        v.                            CASE NO. 3:12-cv-1370(AWT)

CORRECTION OFFICER FIELDS, et al.,
        Defendants.
```

## INITIAL REVIEW ORDER

The plaintiff, currently incarcerated at Northern Correctional Institution in Somers, Connecticut, has filed a Complaint against Corrections Officers Fields and Senus and Lieutenant Pluszynski. The plaintiff asserts claims under 42 U.S.C. §§ 1983 and 1985, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, et seq. and Connecticut law.  The plaintiff sues the defendants in their individual capacities.

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief."  *Id*.  This requirement applies both where the inmate has paid the filing fee and where he is proceeding *in forma pauperis*. *See Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam).  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff is an Orthodox Jew.  His religion prohibits him from working on the Sabbath, which runs from sunset on Friday to sundown on Saturday.  He alleges that the defendants violated his right to practice his religion and discriminated against him on the basis of his religion when they terminated the arrangement that permitted the plaintiff to trade work assignments with other prisoners so that he would not have to work on Saturdays, ransacked his cell and destroyed his personal property, including a sacred text.

2

The court concludes that the allegations in Complaint state plausible claims that defendants Fields, Senus and Pluszynski violated the plaintiff's First and Fourteenth Amendment rights and his rights under RLUIPA.  The First and Fourteenth Amendment claims under 42 U.S.C. §§ 1983 and 1985(3), the RLUIPA claims and the state law claim of conversion and the claim that defendants violated Connecticut General Statutes § 52-571c shall proceed.  The Clerk shall serve the complaint on the defendants in their individual capacities.

### ORDERS

The court enters the following orders:

(1)   The federal and state law claims shall proceed against the defendants in their individual capacities.  In view of the orders below, the Motion for Scheduling Order and Marshal Service [**Doc. No. 5**] is hereby **DENIED** as moot.

(2)   Within fourteen (14) days of this order, the Clerk shall ascertain from the Department of Correction Office of Legal Affairs the current work address for each of the following defendants: Correction Officer Fields, Correction Officer Marc Senus and Lieutenant Martin Pluszynski in his or her individual capacity and mail waiver of service of process request packets to each defendant in his or her individual capacity at his or her current work address.  On the thirty-fifth (35th) day after mailing, the Clerk shall report to the court on the status of all waiver requests.  If any defendant fails to return the waiver

request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)  The Clerk shall send a courtesy copy of the Complaint and this order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(4)  Defendants shall file their response to the Complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order.  If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They may also include any and all additional defenses permitted by the Federal Rules.

(5)  Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order.  Discovery requests need not be filed with the court.

(6)  All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(7)  Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8)  If the plaintiff changes his address at any time during

the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court.  The plaintiff must send a letter to the Clerk indicating that he has a new address.  The plaintiff should include all pending case numbers in the notification of change of address.  The plaintiff should also notify the defendants or their attorney(s), if they are represented, of his new address.  The plaintiff's failure to notify the Clerk of his new address can result in the dismissal of the case.

    It is so ordered.

    Dated at Hartford, Connecticut this 1st day of August 2013.

                                          /s/AWT
                                 Alvin W. Thompson
                        United States District Judge