UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DERRICK TAYLOR, #179983 | : | CIVIL NO. 3:12CV01370 (AWT) |
| v. | : | |
| CORRECTION OFFICER FIELD, ET AL. | : | NOVEMBER 19, 2013 |

## ANSWER AND DEFENSES

Without waiving any defenses, or the lack of service of the complaint on Correction Officer ("CO") Field, defendants answer plaintiff's Complaint, (Doc. #1) filed September, 2012, but not served on two of the defendants until just recently, in August 2013, and not served on CO Field, as follows:

1. Plaintiff's so-called "Preliminary Statement" on page 1, ¶1 is denied.

2. As to "Jurisdiction," on page 2, ¶¶ 2, 3, and 4, the Court should decline to exercise Supplemental Jurisdiction over novel and unsettled claims of state law. Paragraphs 2, 3, and 4 are denied, and Jurisdiction is denied.

3. As to "Plaintiff," Paragraph 5 is admitted only to the extent that plaintiff is lawfully incarcerated at Northern CI, in Somers, CT on the date of this Answer. It is admitted only that plaintiff was incarcerated at Corrigan-Radgowski CI, 986 Norwich-New London Tpke., Uncasville, CT, from march 15, 2011 to September 15, 2011. To the extent paragraph 5 alleges that the events in the complaint occurred, it is denied.

4. As to paragraph 6, the correct spelling of Correction Officer Field is "F-I-E-L-D," and it is denied that he is properly a defendant or subject to the jurisdiction of this Court as he has not been served. It is only admitted that the Correction Officer Field is a

correction officer employed by the Connecticut Department of Correction (DOC), who at all times, acted lawfully, within the scope of his employment and without knowledge that he was in violation of any clearly established rights of the plaintiff.

5. As to paragraph 7, it is only admitted that Correction Officer (CO) Senus is a correction officer employed by the Connecticut Department of Correction (DOC), who at all times, acted lawfully, within the scope of his employment and without knowledge that he was in violation of any clearly established rights of the plaintiff.

6. As to paragraph 8, it is only admitted that Lt. Pluszynski is a correctional lieutenant employed by the Connecticut Department of Correction (DOC), who at all times, acted lawfully, within the scope of his employment and without knowledge that he was in violation of any clearly established rights of the plaintiff.

7. As to paragraphs 9 and 10, defendants are without knowledge or information sufficient to form a belief and leave him to his proof.

8. Paragraph 11 is admitted defendants acted lawfully, on good faith, in an objectively lawful and reasonable manner, under color of law, except the allegations of the complaint are denied.

9. As to paragraph 12, defendants are without knowledge or information sufficient to form a belief and leave him to his proof.

10. As to paragraph 13, it is admitted that sometime in either late May or early June 2011, Lt. Pluzsynski gave plaintiff a job as food server in F Block at Corrigan CI. The second sentence of said paragph is admitted. The rest and remainder is denied.

11. Paragraph 14 is denied.

12. Paragraph 15 is denied.

13. Paragraph 16 is denied.

14. Paragraph 17 is denied.

15. Paragraph 18 is admitted, except CO Field is not a defendant, as he has not been served, and he inquired because another inmate, Inmate Taylor's cellmate, not authorized to be out of his cell, was working instead of inmate Taylor. The rest of said paragph is admitted, except it is denied that anyone had authorized Inmate Taylor to allow his cellmate to work for him.

16. Paragraph 19 is denied.

17. As to paragraphs 20 and 21, defendants are without knowledge or information sufficient to form a belief and leave him to his proof. Defendants have no evidence that such requests were submitted, and have not seen them, and further plaintiff was not fired from his job, which is denied.

18. Paragraph 22 is denied, as "other prisoners" had not been authorized to work for Inmate Taylor, and Lt. Pluszynski had never done so nor had he told Inmate Taylor this was so. It is admitted that Lt. Pluszynski reasonably accommodated Inmate Taylor's request not to work on Saturday, allowed him to keep his job, and further told Inmate Taylor that the job could easily be done by the three remaining food servers, in the event Taylor chose not to work, he would not be penalized.

19. Paragraphs 23, 24, and 25 are denied.

20. As to paragraph 26, it is admitted that on Saturday, September 10, 2011, plaintiff and his cellmate were asked to step out of their cell, as Inmate Taylor was a High Security inmate, and his cell was to be shaken-down (subjected to a routine cell search and inspection), on that day at approximately 3:20 P.M.

21. Paragraphs 27 and 28 are denied.

22. Paragraph 29 is admitted, except that the area where plaintiff was held is properly described as the "sally port" of F-Block.

23. Paragraph 30 is denied as the cell search only lasted about ten minutes, no more than fifteen, and CO Field escorted plaintiff back to his cell, without incident and without saying anything. The second sentence of paragraph 30 is denied.

24. Paragraph 31 is denied.

25. Paragraph 32 is only admitted to the extent it is construed to allege that no other cell in F- Block was shaken down on September 10, 2011, at approximately 3:20 PM. Said paragraph is denied as cells are routinely shaken down and can be shaken down on a random basis at any time, and other cells have been shaken down.

26. Defendants deny they damaged plaintiff's property. They have no knowledge of and deny the plaintiff's cell was left in the condition alleged. Paragraph 33 is denied.

27. Paragraph 34 is denied.

28. Paragraph 35 is denied. Defendants deny that they have any knowledge of plaintiff going into his "storage locker" and deny they did anything inappropriate or in any way damaged plaintiff's religious text book.

29. Paragraphs 36, 37, 38, and 39 are denied.

30. As to paragraph 40, the defendants are without knowledge or information sufficient to form a belief and leave plaintiff to his proof. Said paragraph is irrelevant and immaterial as the State of Connecticut is not a defendant in this case.

31. Paragraph 41 is denied.

32. Paragraph 42 is denied.

33. Paragraph 43 is denied.

34. Paragraph 44 is denied.

35. Paragraph 45 is denied.

### FIRST AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over Correction Officer Field, and the action against him is barred for lack of personal service, insufficient service and insufficient service of process.

### SECOND AFFIRMATIVE DEFENSE

This action is barred for lack of any physical injury under the PLRA.  (Prison Litigation Reform Act.)

### THIRD AFFIRMATIVE DEFENSE

The defendants lack the requisite personal involvement under 42 U.S.C. §1983 and respondeat superior is not available.

### FOURTH AFFIRMATIVE DEFENSE

Under the PLRA, prisoners are required to properly exhaust administrative remedies as a prerequisite for an action under 42 U.S.C. §1983, and thus this action is barred, at least in part,  for failure to exhaust properly all claims and to all available remedy levels.

### FIFTH AFFIRMATIVE DEFENSE

To the extent this action seeks money damages from the defendants under the Religious Land Use and Institutionalized Persons Act ( RLUIPA), such action is barred against the defendants who are sued in their individual capacities only.  See Washington v.

Gonyea, 731 F.3d 143, 145 (2d Cir. 2013)("RLUIPA does not provide a cause of action against state officials in their individual capacities").

### SIXTH AFFIRMATIVE DEFENSE

At all times relevant to the complaint the defendants acted in an objectively lawful manner, in good faith within the scope of their employment and without knowledge they were in violation of any clearly established rights of the plaintiff, in an objectively legally reasonable manner, and thus they are entitled to qualified immunity.

### SEVENTH AFFIRMATIVE DEFENSE

The complaint fails to state a claim for which relief may be granted.

### EIGHTH AFFIRMATIVE DEFENSES

The claims raised in the plaintiff's complaint are barred by (a) res judicata, (b) collateral estoppel, (c) estoppel, (d) accord and satisfaction, and/or are (e) moot.

### NINTH AFFIRMATIVE DEFENSE

Any injury or harm, if any, was caused solely by plaintiff's own acts, omissions, or conduct and was not due to any wrongful conduct by the defendants.

### TENTH AFFIRMATIVE DEFENSE

The Court should decline to exercise Supplemental Jurisdiction over novel and unsettled claims of state law, indeed any and all state law claims.

          DEFENDANTS
          Correction Officer Field, Et Al.

          GEORGE JEPSEN
          ATTORNEY GENERAL

BY:   /s/ Steven R. Strom
      Steven R. Strom
      Assistant Attorney General
      110 Sherman Street
      Hartford, CT 06105
      Federal Bar #ct01211
      E-Mail: steven.strom@ct.gov
      Tel: (860) 808-5450
      Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that on November 19, 2013, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System. A copy was also sent to the following by regular mail:

   Derrick Taylor, Inmate #179983
   Northern Correctional Institution
   287 Bilton Road
   P.O. Box 665
   Somers, CT 06071

          /s/ Steven R. Strom
          Steven R. Strom
          Assistant Attorney General
          110 Sherman Street
          Hartford, CT 06105
          Federal Bar #ct01211
          E-Mail: steven.strom@ct.gov
          Tel: (860) 808-5450
          Fax: (860) 808-5591