```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

-------------------------------- x
DERRICK TAYLOR,                  :
                                 :
        Plaintiff,               :
                                 :
             v.                  :   Civil No. 3:12-cv-1370(AWT)
                                 :
CORRECTION OFFICER FIELDS, et    :
al.,                             :
        Defendants.              :
-------------------------------- x
```

**ORDER RE MOTION FOR RELIEF FROM A JUDGMENT OR ORDER**

Plaintiff Derrick Taylor moves to set aside the order of dismissal in this case. The order of dismissal was entered based on a stipulation of dismissal filed by the parties pursuant to a settlement agreement. The stipulation of dismissal provided:

> This is not a judgment and does not require judicial approval. The parties agree that there is no federal jurisdiction to enforce the terms of the Agreement, which shall be governed by the laws of the State of Connecticut and shall be enforced in accord with the Agreement. The parties agree that the terms of the release are not incorporated into the order of dismissal.

(Stipulation of Dismissal 1, ECF No. 73.) The court approved the stipulation and ordered the case dismissed with prejudice.

Under the Settlement Agreement, the parties agreed, inter alia, in paragraph 8 of the agreement, that "the appropriate mechanism for enforcement of this Settlement Agreement and Release is a state court action for breach of contract for

specific performance, injunction, and/or mandamus, brought in the Connecticut Superior Court." (Mot. for Relief from a Judgment or Order, Ex. A ("Settlement Agreement") at 6, ECF No. 83-1.) The defendants also agreed, in paragraph 11, to waive the defense of sovereign immunity with respect to enforcement actions brought pursuant to paragraph 8. (Id.) But the Settlement Agreement did not waive the defense of sovereign immunity with respect to claims outside the scope of the Settlement Agreement. (Id.)

Taylor now claims that the order of dismissal should be set aside because it has become apparent that the stipulation of dismissal and the Settlement Agreement were procured through fraud. Taylor argues that the defendants did not have the authority to waive sovereign immunity, because they asserted sovereign immunity as a defense in some state court actions for enforcement of the Settlement Agreement. The court notes that the particular assertion of sovereign immunity that served as the impetus for Taylor filing this Rule 60 motion was rejected by the Connecticut Superior Court, which determined that the defendants had waived sovereign immunity as set forth in paragraphs 8 and 11 of the Settlement Agreement. However, Taylor still maintains that the issue is not settled because no court has determined whether the defendants had the authority to waive sovereign immunity. He contends that this court should

declare that the defendants had no authority to waive sovereign immunity and vacate the order of dismissal.

Even applying the liberal pleading standards for pro se parties and reading Taylor's papers "liberally and interpreted 'to raise the strongest arguments that they suggest,'" Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (quoting Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006)), the court disagrees and concludes that relief pursuant to Federal Rule of Civil Procedure 60 is not warranted here.  See In re Terrorist Attacks on Sept. 11, 2001, 741 F.3d 353, 357 (2d Cir. 2013) (decision on Rule 60(b) motion rests in the district court's discretion).

First, if Taylor's motion is considered as a motion pursuant to Rule 60(b)(6), the motion should be denied.  Clause (6) provides that the court may relieve a party from a judgment or order for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  But "[a]s the language of the rule makes clear, relief under clause (6) is available only when the movant acts in a timely fashion and asserts a ground justifying relief that is not a ground encompassed within any of the first five clauses." United States v. Cirami, 563 F.2d 26, 32 (2d Cir. 1977).  "Thus, when the reason asserted for relief comes properly within one of those clauses, clause (6) may not be employed to avoid the one-year limitation."  Id.  Because

-3-

Taylor's motion alleging fraud falls within clause (3) of Rule 60, relief under clause (6) is not available.

Second, if Taylor's motion is considered as a motion pursuant to Rule 60(b)(3), the motion should be denied because it is untimely. Rule 60(c) provides that motions under clauses (1), (2), and (3) of Rule 60(b) must be brought "no more than a year after the entry of judgment or order." Fed. R. Civ. P. 60(c)(1). Taylor filed this motion for relief on January 4, 2019, seeking relief from an order entered on April 20, 2015-- i.e., more than three-and-one-half years later. The motion is therefore untimely.

Third, if Taylor's motion is considered as a motion for equitable relief pursuant to Rule 60(d)(3), the motion should be denied. Rule 60(d)(3) states that Rule 60 "does not limit a court's power to . . . set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d). "'[F]raud upon the court' as distinguished from fraud on an adverse party is limited to fraud which seriously affects the integrity of the normal process of adjudication." Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1325 (2d Cir. 1995) (quoting Gleason v. Jandrucko, 860 F.2d 556, 559 (2d Cir. 1988)). "The concept of 'fraud on the court' embraces 'only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in

the usual manner its impartial task of adjudging cases.'" Id. (quoting Kupferman v. Consol. Research & Mfg. Corp., 459 F.2d 1072, 1078 (2d Cir. 1972)). "Rule 60(d) actions are warranted only when necessary 'to prevent a grave miscarriage of justice.'" LinkCo, Inc. v. Naoyuki Akikusa, 367 F. App'x 180, 182 (2d Cir. 2010) (quoting United States v. Beggerly, 524 U.S. 38, 47 (1998)).

The assertion of sovereign immunity in the state court actions does not meet this high bar. Section 11 of the Settlement Agreement expressly reserved for the defendants, i.e., "the State of Connecticut and its officials, employees and representatives, both current and former," (Settlement Agreement at 1), the defense of sovereign immunity "[e]xcept as necessary for enforcement of this Agreement pursuant to paragraph 8 above . . . ," (id. at 6). Asserting sovereign immunity with respect to claims not covered under the Settlement Agreement was thus contemplated by the Settlement Agreement. Also, in ruling on the motion to dismiss which asserted sovereign immunity related to claims alleged to be covered by the Settlement Agreement, the Connecticut Superior Court concluded that the defendants did in fact waive sovereign immunity with respect to those claims. That is, the court rejected the particular assertion of sovereign immunity which prompted Taylor to file the present Rule 60 motion. Thus, Taylor has not shown that any "grave

miscarriage of justice" will occur given that the court has rejected the defendants' assertion of sovereign immunity related to enforcement of the Settlement Agreement.

Taylor further contends that the issue of the defendants' authority to waive sovereign immunity has yet to be determined because the Connecticut Superior Courts to consider the issue have concluded only that the Settlement Agreement includes a waiver of sovereign immunity--not that it is valid.  Taylor states that he "can find not a single citation to support the idea that the Department of Correction, the defendants themselves or the attorney representing the defendants were constitutionally, legislatively or statutorily vested with any authority" to waive sovereign immunity.  (Mot. for Relief from a Judgment or Order 3, ECF No. 83).

However, it is Taylor's heavy burden to demonstrate that relief pursuant to Rule 60(d)(3) is appropriate.  Lee v. Marvel Enters., Inc., 471 F. App'x 14, 16 (2d Cir. 2012).  Taylor points to no authority that even suggests that the defendants lacked authority to waive sovereign immunity in this case.  At this stage, it is not the defendants' burden to demonstrate that they or their attorney had the authority to waive sovereign immunity, rather it is Taylor's burden to show that they did not and that relief pursuant to Rule 60 is warranted.  Moreover, this court is without jurisdiction to declare that the

defendants acted without authority to waive sovereign immunity. Taylor's argument relates to contract enforceability or formation, but the parties expressly agreed that this court did not retain jurisdiction over enforcement of the Settlement Agreement.  See Hendrickson v. United States, 791 F.3d 354, 361 (2d Cir. 2015) ("once a case has been dismissed with prejudice, a district court's post-dismissal actions cannot confer upon the court ancillary jurisdiction to enforce a settlement agreement").

Therefore, the Motion for Relief from a Judgment or Order (ECF No. 83) is hereby DENIED.

It is so ordered.

Dated this 2nd day of July 2020, at Hartford, Connecticut.

/s/AWT<br>
Alvin W. Thompson<br>
United States District Judge